[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a post-judgment motion on December 13, 2000 seeking a modification of the plaintiffs requirement to pay for medical insurance for the defendant.
The defendant filed a motion for counsel fees dated July 9, 2001 seeking that the plaintiff pay all costs and counsel fees incurred by the defendant in defending the motion to modify.
The relevant history of the case is as follows.
On January 19, 1981, a judgment of dissolution of marriage was entered by the court (Satter, J.). Said judgment. entered on January 19, 1981 and amended on August 19, 1982 in relevant part provides as follows:
 "III. ALIMONY: The Plaintiff shall pay alimony CT Page 12751 unto the Defendant as follows:
 A. The Plaintiff shall pay to the Defendant the sum of ONE THOUSAND ($1,000.00) DOLLARS per month as alimony.
 B. The Plaintiff shall further pay, for the benefit of the Defendant, Blue Shield, Blue Cross and Major Medical Insurance until such time as she is employed and shall obtain said insurance coverage from her employer, without cost to her."
The plaintiff filed a motion for modification of the judgment of dissolution dated October 23, 1995 seeking in relevant part to modify and or terminate the order in regard to the plaintiffs obligation to pay for the medical insurance for the defendant. The modification of the medical insurance order was denied by the court on July 3, 1996. (Klaczak, J.)
A hearing on the current post judgment motions was held on June 19, 2001 and July 11, 2001. Based upon the evidence presented at that hearing, and an assessment of the credibility of the witnesses, the court finds the following facts to be true.
The defendant, presently has health insurance coverage through Anthem Blue Cross/Blue Shield of Connecticut and said policy is in full force and effect. The plaintiff has a requirement to pay for said policy pursuant to the existing court order of January 19, 1981, as amended on August 19, 1982. The plaintiff asserts that the defendant is now eligible for Medicare/Medicaid which could be supplemented with a health insurance Medigap policy which coverage would adequately provide for the insurance needs of the defendant. Medicare is a federal health insurance program and is divided into two parts. Part A which is hospital insurance and Part B which is medical insurance. "Medigap Policies" is a health insurance policy sold by private insurance companies that is designed to provide additional coverages to the Medicare insurance. The plaintiff believes that he could meet his obligation to provide medical insurance for the defendant but at a significantly reduced cost with insignificant diminution in the policy benefits available to the defendant. The plaintiff does not argue that his financial circumstances are the basis of his request for modification and are the reason that the court should modify the orders.
The plaintiff in his memorandum dated July 30, 2001, in support of his post-judgment motion to modify requested that the court enter the following orders: CT Page 12752
 "(1) That he no longer be required to maintain the present health insurance policy for the benefit of the defendant;
 (2) That instead, he be required to pay the costs of providing the defendant with the best Medigap health insurance policy that can be obtained in the state of Connecticut, and;
 (3) That he be required to prove an additional cash payment, in the amount of $3000 per year, to help the defendant defray some of the additional out-of-pocket expenses that she will experience under a Medicare/Medigap arrangement."
The defendant opposes the motion for modification. The plaintiff opposes the defendant's motion for attorney's fees.
The defendant is currently 65 years old and gave credible testimony that she is presently suffering from a number of serious medical problems. Her medical ailments include Sjogren's syndrome, fibromyalgia, degenerative disease of the spine, depression and knee problems. She has had knee surgery in 1986 and 1990. The defendant was hospitalized as an inpatient at the Institute of Living, for a period from April through December of 1990 as a result of depression. Upon her release from her hospitalization at the Institute of Living, she continued with psychiatric care and is currently on medications for depression.
The defendant's medical condition affects her ability to work. She works as a nurse several days a week with her schedule being determined by her health as well as the availability of her working arrangements.
Last year, the defendant incurred over $10,000.00 in medical and prescription bills.
The plaintiff believes that a modification of the previous judgment is appropriate due to the significant increase in the premiums for the existent coverage under Anthem Blue Cross/Blue Shield. He also asserts that the defendant can obtain equivalent coverage at a greatly reduced cost by obtaining, medicare coverage and a medigap policy.
In support of his motion, the plaintiff testified that he is currently paying $17,259.00 per year for the Anthem policy. This same policy had been costing the plaintiff $13,300.00 per year six months ago. Medicare has no premium. The plaintiff estimates that a Medigap policy would cost CT Page 12753 approximately $3,000 a year.
In addition, Sue Leibert an insurance agent for approximately thirty years, testified on behalf of the plaintiff that the alternative of Medicare with a Medigap policy was equivalent to the defendant's current Anthem policy.
The court finds that the proposed Medicare/Medigap coverage, even with the additional proposed $3,000.00 per year in alimony is not functionally equivalent to her existent Anthem policy and would result in a significant diminution of the medical insurance coverage available to the defendant.
Under the defendant's current Anthem policy, she is subject to a $500.00 a year deductible per calendar year for all services. In addition, once the deduction is met, all covered services are subject to a 20% contribution with Anthem paying 80% of the allowed amount subject to a million dollar lifetime limit.
Melissa Loomis, a supervisor at Anthem Blue Cross/Blue Shield of Connecticut gave credible testimony, that as of June 29, 2001, the defendant had used $221,451.33 in insurance benefits out of the maximum million dollar lifetime amount available to her.
As an example of the superiority of the Anthem policy, coverage for inpatient mental health services demonstrates the significant difference Anthem has to the proposed alternative.
The court finds that under the Anthem policy inpatient mental health services are unlimited in the number of days subject to prior authorization and medical necessity and is subject to the $1,000,000.00 policy life maximum. Ms. Loomis gave credible testimony that the inpatient mental health services had previously been limited to sixty calendar days per year but was expanded to an unlimited number of days approximately in January of 2000.
Susan Leibert, the plaintiffs witness testified that the defendant's current Anthem policy has a sixty day per year limitation on inpatient mental health services. The court does not find Ms. Leibert's testimony to be accurate in that aspect.
The court also finds that under Medicare part A, a member is covered for inpatient mental health services for up to 190 days during the insured's lifetime. Beyond that date, a person may receive care in a general hospital but not at a specialty psychiatric hospital. There are numerous deductibles applicable for hospital stays which a Medigap policy CT Page 12754 might provide some assistance.
Clearly, in the important area of mental health care, the defendant's current Anthem policy is far superior and her treatment options more diverse than the proposed alternative. The Anthem policy is also superior for prescription coverage, than the proposed alternative.
The court does not find that the proposed alternative of a Medicare/Medigap policy, even with the proposed $3000.00 increase in alimony, is functionally equivalent to the defendant's current policy. In fact, the court finds that the proposed alternative is far inferior considering the current needs and medical history of the defendant.
If the court were to grant the plaintiffs motion, the defendant would be put at great risk of suffering a severe deterioration of her finances should she require an inpatient mental health services at a specialty psychiatric facility.
Accordingly, the court finds from the evidence that there have been no substantial change in circumstances that would warrant a modification of the previous judgment of the court requiring the plaintiff to pay for the benefit of the defendant's Blue Shield, Blue Cross and Major Medical insurance. Accordingly, the motion for modification is denied.
In addition, the court denies the defendant's motion for attorney's fees.
Edward C. Graziani Superior Court Judge